## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

_____

TODD AND ELISE HOGEN,
on behalf of themselves and others similarly situated,

|  |  |
|---|---|
| Plaintiffs, | Case No.: |
| ROYAL CREDIT UNION, | Class Action Complaint |
| Defendant, | Jury Trial Demanded |

_____

### Nature of Action

1.      Todd and Elise Hogen ("Plaintiffs"), on behalf of themselves and others similarly situated, bring this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, against Royal Credit Union ("Defendant").

### Jurisdiction and Venue

2.      This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper before this Court under 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action occurred in this district, and as Defendant transacts business, and is headquartered, in this district.

### Parties

4.      Plaintiffs are each a natural person who at all relevant times resided in Barron County, Wisconsin.

5.      Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1681a(c).

6.      Defendant is a credit union providing financial services to persons in Minnesota and Wisconsin.

7.      Defendant is headquartered in Eau Claire County, Wisconsin.

8.      Defendant is a "person" as defined by 15 U.S.C. § 1681a(b).

## Factual Allegations

9.      Plaintiffs were allegedly obligated to pay debts that had accrued prior to March 29, 2016, and were owed or due, or asserted to be owed or due, to Defendant, including those with account numbers ending in 1172, 1360, and 9348 (the "Debts").

10.      The Debts arose from consumer credit transactions and included a finance charge.

11.      On March 29, 2016, Plaintiffs filed a Voluntary Petition for Individuals Filing for Bankruptcy in the United States Bankruptcy Court for the Western District of Wisconsin (the "Petition").

12.      Defendant received notice of the Petition on March 30, 2016.

13.      On July 13, 2016, Plaintiffs received an Order of Discharge from the United States Bankruptcy Court for the Western District of Wisconsin under 11 U.S.C. § 727.

14.      The Order of Discharge operated to discharge the Debts.

15.      The Order of Discharge stated, in pertinent part:

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

16.      Defendant was provided notice of the Order of Discharge on July 14, 2016.

17.      Plaintiffs did not incur any other debts with Defendant after the Order of Discharge.

18.    Defendant obtained possession of any security interest securing the Debts prior to the July 13, 2016 Order of Discharge.

19.    No credit relationship existed between Plaintiffs and Defendant after July 13, 2016.

20.    Nonetheless, Defendant obtained, without a permissible purpose, Plaintiffs' consumer reports on September 5, 2017, December 4, 2017, March 1, 2018, June 4, 2018, September 4, 2018, December 3, 2018 and March 1, 2019.

21.    Thereafter, on April 16, 2019—almost three years after the Debts were discharged—Defendant sent Ms. Hogen an invoice for $15,241.19, with a payment due date of May 13, 2019.

22.    Then, on April 25, 2019, Defendant sent Ms. Hogen a letter stating that the April 16, 2019 invoice had been sent to her in error.

23.    Defendant's April 25, 2019 letter acknowledged that the account referenced in the April 16, 2019 invoice had been discharged in bankruptcy.

**Class Action Allegations**

24.    Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (1) with an address in the United States, (2) for whom, within two years prior to the date of this complaint (3) Royal Credit Union obtained a consumer report, (4) after the person's debt was discharged in bankruptcy, (5) (a) where the discharged debt was unsecured, or (b) where Royal Credit Union obtained possession of any security interest securing the discharged debt prior to the bankruptcy discharge.

25.    Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

3

26.     The proposed class satisfies Rule 23(a)(1) because, upon information and belief, their members are so numerous that joinder of all members is impracticable.

27.     The exact number of class members is unknown to Plaintiffs at this time and can only be determined through appropriate discovery.

28.     The proposed class is ascertainable because it is defined by reference to objective criteria.

29.     In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

30.     The proposed class satisfies Rules 23(a)(2) and (3) because Plaintiffs' claims are typical of the claims of the members of the class.

31.     To be sure, Plaintiffs' claims and those of the members of the class originate from the same standardized conduct engaged in by Defendant, and Plaintiffs possess the same interests and have suffered the same injuries as each member of the proposed class.

32.     Plaintiffs satisfy Rule 23(a)(4) because they will fairly and adequately protect the interests of the members of the class and have retained counsel experienced and competent in class action litigation.

33.     Plaintiffs have no interests that are irrevocably contrary to or in conflict with the members of the class that they seek to represent.

34.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

35.    Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

36.    There should be no extraordinary difficulty in the management of this action as a class action.

37.    Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class and subclass.

38.    Among the issues of law and fact common to the class are:

a.    Defendant's violations of the FCRA as Plaintiffs allege;

b.    whether the discharge of a debt in bankruptcy severs any credit relationship with the creditor where the discharged debt was unsecured;

c.    whether the discharge of a debt in bankruptcy severs any credit relationship with the creditor where the creditor obtained possession of the security interest securing the discharged debt prior to the bankruptcy discharge;

d.    the availability of statutory penalties; and

e.    the availability of attorneys' fees and costs.

**Count I: Violation of 15 U.S.C. § 1681b(f)**

39.    Plaintiffs repeat and re-allege the factual allegations contained in paragraphs 1 through 38 above.

40.    The FCRA at 15 U.S.C. § 1681b(f) provides:

(f) **Certain use or obtaining of information prohibited** A person shall not use or obtain a consumer report for any purpose unless—

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

41.    15 U.S.C. § 1681b(a) provides a list of permissible purposes:

(a) **In general** Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or

(D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

(E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or

(F) otherwise has a legitimate business need for the information—

(i) in connection with a business transaction that is initiated by the consumer; or

(ii) to review an account to determine whether the consumer continues to meet the terms of the account.

(G) executive departments and agencies in connection with the issuance of government-sponsored individually-billed travel charge cards.

42. The Debts were discharged prior to Defendant obtaining Plaintiffs' credit reports on September 5, 2017, December 4, 2017, March 1, 2018, June 4, 2018, September 4, 2018, December 3, 2018 and March 1, 2019.

43. The Debts were unsecured, or Defendant obtained possession of any security instrument securing the Debts prior to the bankruptcy discharge.

44. No credit relationship existed between Plaintiffs and Defendant after July 13, 2016.

45. As a result, Defendant violated 15 U.S.C. § 1681b(f) by obtaining a consumer report without a permissible purpose.

46. Moreover, Defendant was on notice of the Petition, and the fact that the Debts were discharged, prior to obtaining Plaintiffs' consumer reports on September 5, 2017, December 4, 2017, March 1, 2018, June 4, 2018, September 4, 2018, December 3, 2018 and March 1, 2019.

47. As a result, Defendant's violations of 15 U.S.C. § 1681b(f) were willful.

48. The harm suffered by Plaintiffs is particularized in that Defendant accessed their personal consumer reports without a permissible purpose.

49. Moreover, section 1681b(f) of the FCRA was enacted by Congress specifically to protect consumer privacy by preventing the dissemination of consumer credit information to third parties, except under carefully specified conditions.

50.    As the Northern District of Illinois wrote in *Browner v. American Eagle Bank*:

Congress could not have been clearer that it intended to provide fulsome protections to ensure that confidential credit information was released by credit reporting agencies only under carefully drawn conditions. Those conditions were designed to make sure that, except where Congress made a contrary judgment, the consumer's authorization is required before disclosure occurs and that any release is justified by a legitimate business or governmental purpose. *See* § 1681b(f). When it enacted the FCRA, Congress found, among other things, that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). Reading this statute, the court has no doubt that Congress intended to protect a consumer's credit information to the greatest extent practicable and to prohibit access where there was no legitimate business or statutorily-allowed purpose. *See United States v. Bormes*, 568 U.S. 6, 7, 133 S.Ct. 12, 184 L.Ed.2d 317 (2012) (The Fair Credit Reporting Act has as one of its purposes to "protect consumer privacy" (quotation and citation omitted) ); *Cole v. U.S. Capital*, 389 F.3d 719, 723 (7th Cir. 2004) ("In [§ 1681] Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting agencies.").

355 F.Supp.3d 731, 735 (N.D. Ill. 2019).

51.    Moreover, the invasion of privacy involved in the unauthorized access to Plaintiffs' credit information is closely related to the kind of injury which has traditionally been regarded as providing a basis for a lawsuit, as the common law has long recognized the right of an individual to control information concerning himself.

### Trial by Jury

Plaintiffs request a trial by jury.

Wherefore, Plaintiffs pray for relief and judgment as follows:

a)    Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b)    Designating Plaintiffs as class representatives under Federal Rule of Civil Procedure 23;

c)  Designating Plaintiffs' counsel as class counsel under Federal Rule of Civil Procedure 23;

d)  Adjudging and declaring that Defendant willfully violated 15 U.S.C. § 1681b(f) with respect to Plaintiffs and the members of the Class;

e)  Awarding Plaintiffs and the members of the class statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

f)  Awarding the members of the class any actual damages they may have sustained pursuant to 15 U.S.C. § 1681n(a)(1)(A);

g)  Awarding Plaintiffs and the members of the class punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

h)  Awarding Plaintiffs and the members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1681n(a)(3) and Rule 23 of the Federal Rules of Civil Procedure;

i)  Enjoining Defendant from obtaining consumer reports without a permissible purpose in violation of 15 U.S.C. § 1681b(f) with respect to Plaintiffs and the members of the class;

j)  Awarding Plaintiffs and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

k)  Awarding other and further relief as this Court may deem just and proper.

Dated: August 14, 2019

                                             Respectfully submitted,

                                            /s/ *James L. Davidson*
                                            James L. Davidson
                                            Greenwald Davidson Radbil PLLC
                                            7601 N. Federal Highway, Suite A-230
                                            Boca Raton, FL 33487
                                            Telephone: 561.826.5477
                                            Fax: 561.961.5684
                                            jdavidson@gdrlawfirm.com

                                            Matthew C. Lein
                                            Lein Law Offices
                                            15692 Highway 63 North
                                            Hayward, WI 54843
                                            Telephone: 715.634.4273
                                            Fax: 715.634.5051
                                            mlein@leinlawoffices.com

                                            Counsel for Plaintiffs and the proposed
                                            class